CSM LEGAL, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
JESUS DEL CARMEN FLEURY ESTEVEZ,
HERMINIO HERNANDEZ PLATON, and
HECTOR RAYMUNDO PEREZ, *individually*
*and on behalf of others similarly situated,*

       *Plaintiffs*,

    -against-

EMERGENCY SNACK BAR, CORP. (D/B/A
EMERGENCY TAQUERIA NYC) (F/K/A
EMERGENCY SNACK BAR), ESB
KITCHEN AND BAR CORP (D/B/A
EMERGENCY KITCHEN & BAR), and
RICHARD ESTEVEZ,

       *Defendants.*

-------------------------------------------------------X

          **COMPLAINT**


      **COLLECTIVE ACTION UNDER**
       **29 U.S.C. § 216(b)**

        **ECF Case**

    Plaintiffs Jesus Del Carmen Fleury Estevez, Herminio Hernandez Platon, and Hector

Raymundo Perez, individually and on behalf of others similarly situated (collectively,

"Plaintiffs"), by and through their attorneys, CSM Legal, P.C., upon their knowledge and belief,

and as against Emergency Snack Bar, Corp. (d/b/a Emergency Taqueria NYC) (f/k/a Emergency

Snack Bar), ESB Kitchen and Bar Corp (d/b/a Emergency Kitchen & Bar), ("Defendant

Corporations"), and Richard Estevez, ("Individual Defendant"), (collectively, "Defendants"),

allege as follows:

## NATURE OF ACTION

1.      Plaintiffs are former employees of Defendants Emergency Snack Bar, Corp. (d/b/a Emergency Taqueria NYC) (f/k/a Emergency Snack Bar), ESB Kitchen and Bar Corp (d/b/a Emergency Kitchen & Bar), and Richard Estevez.

2.      Defendants own(ed), operate(d), or control(led) Dominican fast-food restaurants, located at 1354 Edward L Grant Hwy, Bronx, NY 10452 under the names "Emergency Taqueria NYC" (f/k/a "Emergency Snack Bar") and at 1372 Jesup Ave, Bronx, NY 10452 under the name "Emergency Kitchen & Bar".

3.      Upon information and belief, individual Defendant Richard Estevez, serves or served as owner, manager, principal, or agent of Defendant Corporations and, through these corporate entities, operates or operated the restaurants as a joint or unified enterprise.

4.      Plaintiffs were employed as delivery workers and a cook at the restaurants located at 1354 Edward L Grant Hwy, Bronx, NY 10452 and 1372 Jesup Ave, Bronx, NY 10452.

5.      Plaintiffs Fleury and Raymundo were ostensibly employed as delivery workers. However, they were required to spend a considerable part of their work day performing non-tipped duties, including but not limited to organizing cardboard, bussing the tables, unloading and organizing food in the refrigerator, taking out the trash, and cleaning the restaurant (hereafter the "non-tipped duties").

6.      At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that they worked.

7.     Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.     Further, Defendants failed to pay Plaintiff Hernandez the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

9.     Defendants employed and accounted for Plaintiffs Fleury and Raymundo as delivery workers in their payroll, but in actuality their duties required a significant amount of time spent performing the non-tipped duties alleged above.

10.    Regardless, at all relevant times, Defendants paid Plaintiffs Fleury and Raymundo at a rate that was lower than the required tip-credit rate.

11.    However, at all relevant times, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiffs Fleury's and Raymundo's non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever is less in each day. 12 N.Y. C.R.R. §146.

12.    Upon information and belief, Defendants employed the policy and practice of disguising Plaintiffs Fleury's and Raymundo's actual duties in payroll records by designating them as delivery workers instead of non-tipped employees. This allowed Defendants to avoid paying Plaintiffs Fleury and Raymundo at the minimum wage rate and enabled them to pay them at the tip-credit rate (which they still failed to do).

13.    Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

14.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without

providing the minimum wage and overtime compensation required by federal and state law and regulations.

15.     Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

16.     Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

17.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

18.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate Dominican fast-food restaurants located in this district. Further, Plaintiffs were employed by Defendants in this district.

## PARTIES

*Plaintiffs*

19.     Plaintiff Jesus Del Carmen Fleury Estevez ("Plaintiff Fleury" or "Mr. Fleury") is an adult individual residing in Bronx County, New York.

20.     Plaintiff Fleury was employed by Defendants at Emergency Taqueria NYC (f/k/a Emergency Snack Bar) and Emergency Kitchen & Bar from approximately May 5, 2017 until on or about June 13, 2022.

21.     Plaintiff Herminio Hernandez Platon ("Plaintiff Hernandez" or "Mr. Hernandez") is an adult individual residing in Bronx County, New York.

22.     Plaintiff Hernandez was employed by Defendants at Emergency Taqueria NYC (f/k/a Emergency Snack Bar) and Emergency Kitchen & Bar from approximately October 2019 until on or about April 2022.

23.     Plaintiff Hector Raymundo Perez ("Plaintiff Raymundo" or "Mr. Raymundo") is an adult individual residing in Bronx County, New York.

24.     Plaintiff Raymundo was employed by Defendants at Emergency Kitchen & Bar from approximately March 1, 2022 until on or about June 27, 2022.

*Defendants*

25.     At all relevant times, Defendants own(ed), operate(d), or control(led) Dominican fast food restaurants, located at 1354 Edward L Grant Hwy, Bronx, NY 10452 under the names "Emergency Taqueria NYC (f/k/a Emergency Snack Bar)" and at 1372 Jesup Ave, Bronx, NY 10452 under the name "Emergency Kitchen & Bar".

26.     Upon information and belief, Emergency Snack Bar, Corp. (d/b/a Emergency Taqueria NYC) (f/k/a Emergency Snack Bar) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintained its principal place of business at 1354 Edward L Grant Hwy, Bronx, NY 10452.

27.     Upon information and belief, ESB Kitchen and Bar Corp (d/b/a Emergency Kitchen & Bar) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1372 Jesup Ave, Bronx, NY 10452.

28.     Defendant Richard Estevez is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Richard Estevez is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Richard Estevez possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

### *Defendants Constitute Joint Employers*

29.     Defendants operate Dominican fast-food restaurants located in in the Bronx.

30.     Individual Defendant, Richard Estevez, possesses operational control over Defendant Corporations, possesses ownership interests in Defendant Corporations, and controls significant functions of Defendant Corporations.

31.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

32.     Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

33.    Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

34.    In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

35.    Upon information and belief, Individual Defendant Richard Estevez operates Defendant Corporations as either alter egos of himself and/or fails to operate Defendant Corporations as entities legally separate and apart from himself, by among other things:

    a) failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

    b) defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

    c) transferring assets and debts freely as between all Defendants,

    d) operating Defendant Corporations for his own benefit as the sole or majority shareholder,

    e) operating Defendant Corporations for his own benefit and maintaining control over these corporations as closed Corporations,

    f) intermingling assets and debts of his own with Defendant Corporations,

    g) diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect his own interests, and

    h) Other actions evincing a failure to adhere to the corporate form.

36.     At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

37.     In each year from 2017 to 2022, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

38.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurants on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiffs*

39.     Plaintiffs are former employees of Defendants who ostensibly were employed as delivery workers. However, they spent over 20% of each shift performing the non-tipped duties described above.

40.     Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Jesus Del Carmen Fleury Estevez*

41.     Plaintiff Fleury was employed by Defendants at Emergency Taqueria NYC (f/k/a Emergency Snack Bar) and Emergency Kitchen & Bar from approximately May 5, 2017, until on or about June 13, 2022.

42.     Defendants ostensibly employed Plaintiff Fleury as a delivery worker.

43.     However, Plaintiff Fleury was also required to spend a significant portion of his work day performing the non-tipped duties described above.

44.     Although Plaintiff Fleury ostensibly was employed as delivery worker, at all relevant times, he spent over 20% of his work days performing non-tipped work throughout his employment with Defendants.

45.     Plaintiff Fleury regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

46.     Plaintiff Fleury's work duties required neither discretion nor independent judgment.

47.     Throughout his employment with Defendants, Plaintiff Fleury regularly worked in excess of 40 hours per week.

48.     From approximately May 5, 2017 until on or about June 13, 2022, Plaintiff Fleury worked from approximately 4:00 p.m. until on or about 12:00 a.m. or 12:30 a.m., 6 days per week (typically 48-51 hours per week).

49.     However, for approximately one month in 2019, Plaintiff Fleury worked from approximately 4:00 p.m. until on or about 12:00 a.m. or 12:30 a.m., 7 days per week (typically 56-59.5 hours per week).

50.     Throughout his employment, Defendants paid Plaintiff Fleury his wages in cash.

51.     From approximately May 5, 2017 until on or about June 13, 2022, Defendants paid Plaintiff Fleury a fixed salary of $360 per week when he worked 6 days per week and a fixed salary of $420 per week when he worked 7 days per week.

52.     Plaintiff Fleury's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

53.     For example, Defendants required Plaintiff Fleury to work an additional 30 minutes past his scheduled departure time regularly, and did not pay him for the additional time he worked.

54.     Defendants never granted Plaintiff Fleury any breaks or meal periods of any kind.

55.     Plaintiff Fleury was never notified by Defendants that his tips were being included as an offset for wages.

56.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Fleury's wages.

57.     Plaintiff Fleury was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

58.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Fleury regarding overtime and wages under the FLSA and NYLL.

59.     Defendants did not provide Plaintiff Fleury an accurate statement of wages, as required by NYLL 195(3).

60.     Defendants did not give any notice to Plaintiff Fleury, in English and in Spanish (Plaintiff Fleury's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

61.     Defendants required Plaintiff Fleury to purchase "tools of the trade" with his own funds—including an electric bicycle.

*Plaintiff Herminio Hernandez Platon*

62.     Plaintiff Hernandez was employed by Defendants at Emergency Taqueria NYC (f/k/a Emergency Snack Bar) and Emergency Kitchen & Bar from approximately October 2019 until on or about April 2022.

63.     Defendants employed Plaintiff Hernandez as a cook.

64.     Plaintiff Hernandez regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

65.     Plaintiff Hernandez's work duties required neither discretion nor independent judgment.

66.     Throughout his employment with Defendants, Plaintiff Hernandez regularly worked in excess of 40 hours per week.

67.     From approximately October 2019 until on or about October 2020, Plaintiff Hernandez worked from approximately 4:00 p.m. until on or about 1:00 a.m., 6 days a week, (typically 54 hours per week).

68.     From approximately October 2020 until on or about January 2022, Plaintiff Hernandez worked from approximately 8:00 a.m. until on or about 4:00 p.m., 5 days a week, and from approximately 8:00 a.m. until on or about 1:00 a.m., 1 day per week (typically 57 hours per week).

69.     From approximately January 2022 until on or about April 2022, Plaintiff Hernandez worked from approximately 8:00 a.m. until on or about 4:00 p.m., 6 days per week (typically 48 hours per week).

70.     Throughout his employment, Defendants paid Plaintiff Hernandez his wages in cash.

71.     From approximately October 2019 until on or about October 2020, Defendants paid Plaintiff Hernandez a fixed salary of $800 per week.

72.     From approximately October 2020 until on or about January 2022, Defendants paid Plaintiff Hernandez a fixed salary of $960 per week.

73.     From approximately January 2022 until on or about April 2022, Defendants paid Plaintiff Hernandez a fixed salary of $800 per week.

74.     Defendants only granted Plaintiff Hernandez breaks when he worked a double shift. However, they were frequently interrupted.

75.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Hernandez regarding overtime and wages under the FLSA and NYLL.

76.     Defendants did not provide Plaintiff Hernandez an accurate statement of wages, as required by NYLL 195(3).

77.     Defendants did not give any notice to Plaintiff Hernandez, in English and in Spanish (Plaintiff Hernandez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Hector Raymundo Perez*

78.     Plaintiff Raymundo was employed by Defendants from approximately March 2022 until on or about June 27, 2022.

79.     Defendants ostensibly employed Plaintiff Raymundo as a delivery worker.

80.     However, Plaintiff Raymundo was also required to spend a significant portion of his work day performing the non-tipped duties described above.

81.     Although Plaintiff Raymundo ostensibly was employed as a delivery worker, at all relevant times, he spent over 20% of his work days performing non-tipped work throughout his employment with Defendants.

82.     Plaintiff Raymundo regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

83.     Plaintiff Raymundo's work duties required neither discretion nor independent judgment.

84.     Throughout his employment with Defendants, Plaintiff Raymundo regularly worked in excess of 40 hours per week.

85.     From approximately March 1, 2022 until on or about June 27, 2022, Plaintiff Raymundo worked from approximately 4:00 p.m. until on or about 11:00 p.m. to 11:30 p.m., 3 days per week and from approximately 4:00 p.m. until on or about 12:00 a.m. to 1:00 a.m., 3 days per week (typically 45 to 49.5 hours per week).

86.     However, Plaintiff Raymundo could not work during approximately 3 weeks in about April 2022, following a workplace injury.

87.     Throughout his employment, Defendants paid Plaintiff Raymundo his wages in cash.

88.     From approximately March 1, 2022 until on or about June 27, 2022, Defendants paid Plaintiff Raymundo a fixed salary of $300 per week.

89.     Plaintiff Raymundo's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

90.     For example, Defendants required Plaintiff Raymundo to work an additional 30 minutes to one hour past his scheduled departure time regularly, and did not pay him for the additional time he worked.

91.     Defendants never granted Plaintiff Raymundo any breaks or meal periods of any kind.

92.     Plaintiff Raymundo was never notified by Defendants that his tips were being included as an offset for wages.

93.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Raymundo's wages.

94.     Plaintiff Raymundo was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

95.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Raymundo regarding overtime and wages under the FLSA and NYLL.

96.     Defendants did not provide Plaintiff Raymundo an accurate statement of wages, as required by NYLL 195(3).

97.     Defendants did not give any notice to Plaintiff Raymundo of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

98.     Defendants required Plaintiff Raymundo to purchase "tools of the trade" with his own funds—including an electric bicycle.

*Defendants' General Employment Practices*

99.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

100.     Plaintiffs were victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked.

101.     Defendants' pay practices resulted in Plaintiffs not receiving payment for all their hours worked, and resulted in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

102.     Defendants habitually required Plaintiffs to work additional hours beyond their regular shifts but did not provide them with any additional compensation.

103.     Defendants required Plaintiffs Fleury and Raymundo and all other delivery workers to perform general non-tipped tasks in addition to their primary duties as delivery workers.

104.    These Plaintiffs and all similarly situated employees, ostensibly were employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing the non-tipped duties outlined above.

105.    The Plaintiffs' duties were not incidental to their occupation as tipped workers, but instead constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

106.    These Plaintiffs and all other tipped workers were paid at a rate that was lower than the lower tip-credit rate by Defendants.

107.    However, at all relevant times, under state law, Defendants were not entitled to a tip credit because the tipped workers' and these Plaintiffs' non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

108.    New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

109.    In violation of federal and state law as codified above, Defendants classified these Plaintiffs and other tipped workers as tipped employees, and paid them at a rate that was lower than the lower tip-credit rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

110.    Defendants failed to inform Plaintiffs who received tips that Defendants intended to take a deduction against Plaintiffs' earned wages for tip income, as required by the NYLL before any deduction may be taken.

111.    Defendants failed to inform Plaintiffs who received tips, that their tips were being credited towards the payment of the minimum wage.

112.    Defendants failed to maintain a record of tips earned by Plaintiffs who worked as delivery workers for the tips they received. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

113.    Defendants paid Plaintiffs their wages in cash.

114.    Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

115.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

116.    Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

117.    Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated former workers.

118.    Defendants failed to provide Plaintiffs and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum

wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

119.    Defendants failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

120.    Plaintiffs bring their FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

121.    At all relevant times, Plaintiffs and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

122.    The claims of Plaintiffs stated herein are similar to those of the other employees.

## **FIRST CAUSE OF ACTION**

### **VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA**

123.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

124.     At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiffs (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

125.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

126.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

127.     Defendants failed to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

128.     Defendants' failure to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

129.     Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

## **SECOND CAUSE OF ACTION**

### **VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA**

130.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

131.    Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiffs (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

132.    Defendants' failure to pay Plaintiffs (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

133.    Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

134.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

135.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment, and determined the rates and methods of any compensation in exchange for their employment.

136.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs less than the minimum wage.

137.    Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

138.    Plaintiffs were damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

139.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

140.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

141.     Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

142.     Plaintiffs were damaged in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

### OF THE NEW YORK COMMISSIONER OF LABOR

143.      Plaintiff Hernandez repeats and realleges all paragraphs above as though fully set forth herein.

144.     Defendants failed to pay Plaintiff Hernandez one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Hernandez's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

145.     Defendants' failure to pay Plaintiff Hernandez an additional hour's pay for each day Plaintiff Hernandez's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

146.     Plaintiff Hernandez was damaged in an amount to be determined at trial.

### SIXTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

147.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

148.     Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

149.     Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

150.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

151.     With each payment of wages, Defendants failed to provide Plaintiffs with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

152.     Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

153.     Plaintiffs Fleury and Raymundo repeat and reallege all paragraphs above as though fully set forth herein.

154.     Defendants required Plaintiffs Fleury and Raymundo to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, further reducing their wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

155.     Plaintiffs Fleury and Raymundo were damaged in an amount to be determined at trial.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiffs and the FLSA Class members;

(f)     Awarding Plaintiffs and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiffs and the FLSA Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(j)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits taken against wages;

(k)     Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiffs;

(l)     Awarding Plaintiffs damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(m)     Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n)     Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(o)     Awarding Plaintiffs and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(p)      Awarding Plaintiffs and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(q)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r)     All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

 Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated:  New York, New York

January 23, 2023

CSM LEGAL, P.C

By:      /s/ Catalina Sojo, Esq.      
Catalina Sojo [CS-5779517]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

# CSM Legal, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

catalina@csmlegal.com

June 28, 2022

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                     Jesus Del Carmen Fleury Estevez

Legal Representative / Abogado:     CSM Legal, P.C.

Signature / Firma:

Date / Fecha:                      28 de Junio 2022

*Certified as a minority-owned business in the State of New York*

# CSM Legal, P.C.
Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

catalina@csmlegal.com

July 13, 2022

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Herminio Hernandez Platon

Legal Representative / Abogado:         CSM Legal, P.C.

Signature / Firma:                      *Herminio*

Date / Fecha:                           13 de Julio 2022

*Certified as a minority-owned business in the State of New York*

# CSM Legal, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

catalina@csmlegal.com

BY HAND

June 28, 2022

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                   Hector Raymundo Perez

Legal Representative / Abogado:    CSM Legal, P.C.

Signature / Firma:

Date / Fecha:                    28 de junio 2022

*Certified as a minority-owned business in the State of New York*