USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/17/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                                 :
JESUS DEL CARMEN FLEURY ESTEVEZ,       :
*individually*, *et al.*,                                       :
                                                                  :          1:23-cv-574-GHW
                                          Plaintiffs,   :
                                                                  :               <u>ORDER</u>
                        -against-                   :
                                                                  :
EMERGENCY SNACK BAR, CORP., *et al.*,      :
                                                                  :
                                          Defendants.  :
                                                                  :
-------------------------------------------------------------- X

GREGORY H. WOODS, District Judge:

       Plaintiffs filed their complaint on January 23 2023. Dkt. No. 1. Since then, Plaintiff Herminio Hernandez Platon has failed to appear at three conferences at which he was specifically, personally ordered to appear. *See* Dkt. Nos. 34 (requiring Mr. Platon's attendance at the December 1, 2023 conference, scheduled to discuss Mr. Platon's attorney's withdrawal due to his noncommunication with her), 36 (directing Mr. Platon to appear at the December 27, 2023 conference, scheduled to discuss Mr. Platon's intentions regarding continuing to prosecute the case), 37 (directing Mr. Platon to appear at today's initial pretrial conference). In addition, Mr. Platon failed to appear at multiple mediation conferences. *See* Dkt. No. 33-1 ¶ 3.

       In the December 4, 2023 order, the Court stated that "[i]f Mr. Platon does not attend the [December 27, 2023] conference, that could result in the Court dismissing his claims against the defendants for failure to prosecute." Dkt. No. 36 at 2. Further, in its December 27, 2023 order, the Court again stated that Mr. Platon was "ordered to personally attend the [January 16, 2024] conference," adding that if he does not, "that *will* result in the Court dismissing his claims against the defendants for failure to prosecute." Dkt. No. 37 at 2 (emphasis added).

The Court, the Court's staff, the other plaintiffs' counsel, and the defendants' counsel all appeared at the January 16, 2024 conference.  But Mr. Platon did not.  This is Mr. Platon's third failure to appear for Court-scheduled conferences.  Nor has a notice of appearance been filed on Mr. Platon's behalf following his former attorney's withdrawal.  In sum, Mr. Platon is taking no steps to prosecute his case.

"Rule 41(b) authorizes a district court to 'dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute.'"  *Lawrence v. Curry Shack, Corp.*, No. 17-CV-10250 (JGK), 2019 WL 1493577, at *1 (S.D.N.Y. Apr. 3, 2019) (citing *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995)).  Although dismissal is "a harsh remedy to be utilized only in extreme situations," *Theilmann v. Rutland Hospital, Inc.*, 455 F.2d 853, 855 (2d Cir. 1972), "the authority to invoke it for failure to prosecute is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts."  *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982).  When determining whether to dismiss a complaint pursuant to Rule 41(b), the Court must consider:  (1) the duration of the plaintiff's failures; (2) whether the plaintiff has received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) a balancing of the need to alleviate court calendar congestion and a party's right to due process; and (5) the efficacy of lesser sanctions.  *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).

Dismissal of this action for failure to prosecute is warranted here.  Plaintiff Platon has failed to comply with several of the Court's orders.  He failed to appear for multiple mediation sessions, *see* Dkt. No. 33-1 ¶ 3, and at three Court-scheduled conferences at which his personal appearance was specifically ordered *see* Dkt. Nos. 36, 37.  His attorney withdrew from his representation due to his noncommunication with her, which had been ongoing since at least October 2023.  *See* Dkt. Nos. 31, 33.  His noncommunication with the Court has continued over the last three months.

Plaintiff Platon has given no indication that he intends to prosecute this action. Given Plaintiff's failure to heed the Court's orders, despite ample time to do so and repeated notice that his case "could" and, later, "will" be dismissed for failure to prosecute, *see* Dkt. Nos. 36 at 2, 37 at 2, "it would be unfair to the numerous other litigants awaiting the Court's attention to permit [his claims] to remain on the Court's docket," *Antonio v. Beckford*, 05 Civ. 2225 (KMK), 2006 WL 2819598, at *4 (S.D.N.Y. Sept. 29, 2006). In light of these circumstances, the Court does not believe that any lesser sanction other than dismissal would be effective. However, the Court finds that dismissal without prejudice is an appropriate sanction, which will "strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendant by retaining open lawsuits with no activity." *Amoroso v. Cty. of Suffolk*, No. 08-CV-826 (JFB), 2010 WL 2985864, at *3 (E.D.N.Y. July 21, 2010).

Accordingly, Mr. Platon's claims against the defendants are dismissed without prejudice for failure to prosecute pursuant to Rule 41(b).

SO ORDERED.

Dated: January 17, 2024
     New York, New York

_____
GREGORY H. WOODS
United States District Judge